**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEANNA S. EINBINDER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-05009 |
| NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, WELLS FARGO BANK, N.A., and EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Deanna S. Einbinder ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4.     Plaintiff is natural person, a consumer, and is over the age of eighteen.

5.     Defendant Nationstar Mortgage LLC, doing business as Mr. Cooper, is a Delaware limited liability company with its principal place of business located in Texas.  Nationstar is in the business of servicing loans and collecting debts owed to others across the country, including in the State of Illinois.

6.     Nationstar is a furnisher of information to the major credit reporting agencies, including Equifax.

7.     Defendant Wells Fargo Bank, N.A. is a national banking association organized under the laws of the United States with its principal place of business located in Sioux Falls, South Dakota.

8.     Wells Fargo issues the Wells Fargo Home Projects credit card to consumers on a nationwide basis, including those consumers residing in the State of Illinois.

9.     Wells Fargo is a furnisher of information to the major credit reporting agencies, including Equifax.

10.     Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

11.     On April 30, 2014, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-16478.

12.     Schedule D of the bankruptcy petition listed a secured debt to Nationstar, in the amount of $242,862.00, secured by the Plaintiff's property commonly known as 632 N. County Street, Waukegan, Illinois 60085. *See Exhibit A*, a true and correct copy of Schedule D through F filed in Plaintiff's bankruptcy case.

13.     Schedule F of the bankruptcy petition listed an unsecured debt to Wells Fargo Home Projects for a credit card in the amount of $14,346.00. *Id.*

14.     Equifax was also listed in Plaintiff's bankruptcy Schedule F for notice purposes. *Id.*

15.     On April 30, 2014, Plaintiff filed her Chapter 13 Original Plan, proposing to treat Nationstar's claim as follows:

> "Debtors are surrendering the real property located at 632 N. County Street, Waukegan, Illinois, to Nationstar Mortgage, LLC, in full satisfaction of its claims."

*See Exhibit B*, a true and correct copy of Plaintiff's Original Chapter 13 Plan.

16.     Plaintiff's Original Plan also proposed to pay all other secured claims and all unsecured claims, including the Wells Fargo claim, in full. *Id.*

17.     Plaintiff filed her modified Plan on October 23, 2014 ("Plan"), proposing to treat Nationstar's claim as follows:

> "Debtors are surrendering the real property located at 632 N. County Street, Waukegan, Illinois, to Nationstar Mortgage, LLC, in full satisfaction of its claims."

*See Exhibit C*, a true and correct copy of Plaintiff's Modified Chapter 13 Plan.

18.     Plaintiff's modified Plan also proposed to pay all other secured claims and all unsecured claims, including the Wells Fargo claim, in full. *Id.*

19.     On November 14, 2014, Plaintiff's Modified Plan was confirmed by the Honorable A. Benjamin Goldgar. *See Exhibit D*, a true and correct copy of Order Confirming Plan.

a.      **Nationstar's Claim**

20.     On July 15, 2014, Nationstar filed a proof of claim in the amount of $248,311.58.

21.     On September 15, 2014, Nationstar filed its Motion for Relief from Automatic Stay, stating "Debtors' proposed Chapter 13 Plan provides that the Debtors shall surrender the Premises."

22.     On October 3, 2014, the Honorable A. Benjamin Goldgar granted Nationstar's Motion for Relief to permit Nationstar to exercise its rights under applicable state law as to the premises.

23.     Plaintiff's original Plan and confirmed modified Plan proposed to surrender the property to Nationstar in full satisfaction of its claims.  *See Exhibits B, C and D*.

b.      **Wells Fargo's Claim**

24.     On June 26, 2014, Wells Fargo filed a proof of claim in the amount of $14,381.78, claiming a secured amount of $14,311.78 plus an unsecured amount of $70.00.

25.     The basis for Wells Fargo's claim was an open-end revolving credit, a "Home Projects credit card" opened by Plaintiff on or about February 8, 2013.

26.     Plaintiff's original Plan and confirmed modified Plan proposed to pay the Wells Fargo claim in full.  *See Exhibits B, C and D*.

27.     On June 26, 2017, Wells Fargo filed a Notice of Claim Satisfaction stating "its claim has been satisfied and the Debtor(s) have no further liability as to this claim. Wells Fargo requests no further disbursements be made on this claim by the Chapter 13 Trustee." *See Exhibit E*, a true and correct copy of Notice of Claim Satisfaction.

4

28.     On September 7, 2017, the Chapter 13 Standing Trustee filed his Final Report and Account stating that Wells Fargo's allowed claim, treated as an unsecured claim in the amount of $14,381.78, was paid in full.

**c.     Chapter 13 Discharge**

29.     Plaintiff fully performed her duties and made all payments as required under the terms of her confirmed Chapter 13 Plan.

30.     On July 27, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt. *See **Exhibit F***, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Defendants.

31.     The Order of Discharge expressly states:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees." *Id*.

32.     On July 29, 2017, the BNC served Defendants with the Order of Discharge. *Id.* at p. 3.

33.     Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Nationstar or any other party.

34.     On September 8, 2017, Plaintiff's bankruptcy case closed and the Trustee was discharged.

35.     Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with Nationstar and any of its successors and assigns.

36.     Plaintiff's personal liability on the subject credit card debt was extinguished via her bankruptcy discharge, thus terminating the business relationship with Wells Fargo and any of its successors and assigns.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE TO EQUIFAX**

37.     On or about March 7, 2018, Plaintiff pulled her Equifax credit report to make sure all creditors were reporting accurately.

38.     Plaintiff discovered that Equifax and Nationstar were reporting the subject loan account as open, severely in default, with a high balance, a high past due amount, and a scheduled payment amount.

39.     More importantly, Equifax and Nationstar failed to report the Nationstar trade line as discharged in bankruptcy.

40.     The reporting of the Nationstar trade line was inaccurate and materially misleading because the subject loan was discharged in Plaintiff's bankruptcy and should have been reporting with a zero balance, a zero past due amount, a zero monthly payment amount, and no post-discharge derogatory information.[1]

41.     Plaintiff also discovered that Equifax and Wells Fargo were reporting the Home Projects VISA credit card account as "Collection/Charge-Off."

---

[1] To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA"), in cooperation with the Credit Reporting Agencies, publishes a Credit Reporting Resource Guide for reporting data called the "Metro 2 Format."

42.     The reporting of the Wells Fargo trade line ("Home Projects VISA credit card") was inaccurate, incomplete, and misleading because the account was paid pursuant to the Chapter 13 plan and then discharged through Plaintiff's bankruptcy.   As such, it should not have been reported as a collection or a charge-off.

a.     **Plaintiff's Dispute Letter to Equifax**

43.     On April 6, 2018, Plaintiff sent a written credit dispute letter to Equifax requesting that her credit file be corrected and updated to reflect a zero balance, zero past due amount, and zero monthly payment amount for the Nationstar that had been discharged in bankruptcy and for the Wells Fargo Home Projects VISA debts that had been paid pursuant to the Chapter 13 plan and discharged in bankruptcy.

44.     Plaintiff also specifically directed that Equifax correct and update the remarks and the payment status and correct payment histories on the basis that Plaintiff did not owe Nationstar and Wells Fargo any money and was no longer liable for the accounts. Plaintiff attached relevant and supporting documents to her dispute letter to Equifax.

45.     Plaintiff's dispute letter stated, in pertinent part:

a.  "I have reviewed my credit reports and found that: *Home Project Visa & Nationstar/Mr. Cooper* is reporting inaccurate information."
b.  "The balance, Monthly payment, payment status, and past due amount and remarks are all wrong and needs to be updated to reflect a zero in the balance, a zero in the past due amount and a zero in the monthly payment."
c.  "You should also correct and update the remarks and the payment status and the correct payment history Please note that I don't owe them any money anymore and I am no longer liable for this account any more."
d.  "*Please review the attached case. Please send my dispute letter to them*."

46.     Upon information and belief, Nationstar received notice of Plaintiff's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

47. Upon information and belief, Wells Fargo received notice of Plaintiff's dispute letter as to the Home Projects VISA credit card account and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

**b.** **Equifax's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File**

48. On or about June 8, 2018, Plaintiff pulled her Equifax credit report to make sure Nationstar and Wells Fargo were reporting accurately.

49. Plaintiff discovered that Equifax and Nationstar, despite Plaintiff's dispute, continued to report the subject loan account as open, severely in default, with a high balance, a high past due amount, and a scheduled payment amount.

50. Specifically, Plaintiff discovered that Equifax and Nationstar, despite Plaintiff's dispute, continued to report the subject loan account with a status of "open," a monthly payment of $2,079, a balance of $242,862, an amount past due of $4,366, and payment status of 60-89 days late. The date of last payment is reported as February 1, 2014. [2]

51. Plaintiff also discovered that Equifax and Nationstar, despite Plaintiff's dispute, failed to report the subject loan account as disputed.

52. More importantly, Equifax and Nationstar failed to report the Nationstar trade line with the notation of discharged in bankruptcy.

53. Plaintiff also discovered that Equifax and Wells Fargo, despite Plaintiff's dispute, was now reporting the Home Projects VISA credit card account with an account status of "open," and continued reporting the account as "Collection/Charge-Off."

---

[2] Pursuant to the CDIA guidelines, a Chapter 13 bankruptcy, once completed and discharged, should be reported as "Discharged through BK Chapter 13," a "Current Balance" of Zero, a "Scheduled Monthly Payment Amount" of Zero, and a "Amount Past Due" of Zero. *See* 2013 CDIA Manual; page 6-21.

54. Plaintiff also discovered that Equifax and Wells Fargo, despite Plaintiff's dispute, failed to report the subject account as disputed.

55. The reporting of the Nationstar trade line is patently inaccurate and creates a materially misleading impression that Plaintiff is still personally responsible for, delinquent, and obligated to pay a monthly payment amount. However, Plaintiff is no longer personally liable on the subject loan as it was discharged in Plaintiff's Chapter 13 bankruptcy on July 27, 2017.[3]

56. The reporting of the Wells Fargo ("Home Projects VISA credit card") is patently inaccurate and creates a materially misleading impression that the account is still open and that Plaintiff may be personally responsible for a charged off amount. However, Plaintiff is no longer personally liable on the subject debt as it was discharged in Plaintiff's Chapter 13 bankruptcy on July 27, 2017.

**IMPACT OF CONTINUING**
**INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE**

57. As of today, the inaccurate reporting of the Nationstar and Wells Fargo accounts continues to paint a false and damaging image of Plaintiff.

58. Equifax and Nationstar have yet to completely update the Nationstar account to accurately reflect the discharged status of the subject loan.

59. Equifax and Nationstar have yet to report the subject debt as disputed.

60. The inaccurate reporting of the Nationstar loan continues to have significant adverse effect on Plaintiff's credit rating and her ability to obtain financing because it creates a materially misleading impression that the Nationstar account was due and owing, rendering Plaintiff a high-risk consumer.

---

[3] Pursuant to Plaintiff's Chapter 13 Plan, no payments were to be made to Nationstar, as Plaintiff's Confirmed Chapter 13 Plan surrenders the subject property to Nationstar in full satisfaction of its claims. *See Exhibit D*.

61.     Equifax and Wells Fargo have yet to completely update the Home Projects VISA credit card account to accurately reflect the closed account status, the account as paid in full, and the discharged status of the subject credit card account.

62.     Equifax and Wells Fargo have yet to report the subject account as disputed.

63.     The inaccurate reporting of the Wells Fargo Home Projects VISA credit card account continues to paint a false and damaging image of Plaintiff because it creates a materially misleading impression that the account remains open and that a balance was charged off, rendering Plaintiff a high-risk consumer.

64.     The inaccurate reporting of the Wells Fargo Home Projects VISA credit card account continues to have adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a materially misleading impression that the subject debt was charged off in July 2017, the month after the subject debt was paid in full through Plaintiff's bankruptcy (*see **Exhibit E***).

65.     As a result of Defendants' conduct, actions, and inaction, Plaintiff has suffered damages as set forth herein, including specifically a significant impact on her credit-worthiness, diminished credit reputation, decreased credit score, loss of use of funds, loss of credit and loan opportunities, diminished out-of-pocket expenses, the loss of credit capacity, the loss of ability to purchase and benefit from a credit line, mail expenses, anxiety, and further frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her dispute, monitoring her credit reports, and mental and emotional pain and suffering.

66.     Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Nationstar and Wells Fargo trade lines.  Plaintiff incurred attorney fees as a result.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST NATIONSTAR)

67.     Plaintiff restates and re-alleges paragraphs 1 through 66 as though fully set forth herein.

68.     Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

69.     Nationstar is a "person" as defined by 15 U.S.C. §1681a(b).

70.     Nationstar is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

71.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

72.     Nationstar violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Plaintiff and Equifax.

73.     Nationstar violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Plaintiff pursuant to §1681i(a)(2).

74.     Had Nationstar reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to Equifax. Instead, Nationstar continued to report the inaccurate reporting without conducting a reasonable investigation.

75. Nationstar violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

76. Nationstar violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject loan.

77. Nationstar violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

78. Nationstar failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

79. Despite the blatantly obvious errors on Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Nationstar did not correct the errors or trade line to report accurately. Instead, Nationstar wrongfully furnished and re-reported the inaccurate and misleading trade line after Plaintiff's dispute to one or more third parties.

80. Moreover, Nationstar failed to report the subject debt as disputed by Plaintiff.

81. Nationstar's failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008); *see also Freedom v. CitiFinancial, LLC*, 2016 U.S. Dist. LEXIS 97533. (7th Cir. 2016).

82. A reasonable investigation by Nationstar would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

83. Had Nationstar taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting. Plaintiff provided all relevant information in her request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.[4]

84. By deviating from the standards established by the mortgage servicing industry and the FCRA, Nationstar acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff DEANNA S. EINBINDER respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST WELLS FARGO)

85. Plaintiff restates and re-alleges paragraphs 1 through 66 as though fully set forth herein.

---

[4] Nationstar was notified of Plaintiff's bankruptcy and subsequent discharge on at least 5 separate occasions. *See* Exhibits A through D, and F.

86.     Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

87.     Wells Fargo is a "person" as defined by 15 U.S.C. §1681a(b).

88.     Wells Fargo is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

89.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

90.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Plaintiff and Equifax.

91.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Plaintiff pursuant to §1681i(a)(2).

92.     Had Wells Fargo reviewed the information provided by Equifax, it would have corrected the inaccurate designation of the subject debt and transmitted the correct information to Equifax. Instead, Wells Fargo wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

93.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax.

94.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit file. Instead, Wells Fargo continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit file after receiving Plaintiff's detailed dispute.

95.     Wells Fargo failed to conduct a reasonable reinvestigation of its reporting of the subject debts or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of Plaintiff's dispute from Equifax under 15 U.S.C. §1681i(a)(1).

96.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

97.     Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Wells Fargo did not correct the errors or trade line to report accurately. Instead, Wells Fargo wrongfully furnished and re-reported the inaccurate and misleading trade line after Plaintiff's dispute to one or more third parties.

98.     Wells Fargo failed to report the subject debt as discharged through Plaintiff's bankruptcy.

99.     Moreover, Wells Fargo failed to report the subject debt as disputed by Plaintiff.

100.    A reasonable investigation by Wells Fargo would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's Equifax credit file.

101.    Had Wells Fargo taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous credit reporting of the subject debt. Plaintiff provided all relevant information regarding her dispute in her request for investigation.

102.    By deviating from the standards established by the FCRA, Wells Fargo acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiff, DEANNA S. EINBINDER, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Wells Fargo to cause the inaccurate information from Plaintiff's credit report and credit file to be deleted;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

103. Plaintiff restates and re-alleges paragraphs 1 through 66 as though fully set forth herein.

104. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

105. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

106. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

107. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

108.    Plaintiff provided Equifax with all relevant information in her request for investigation and reinvestigation to reflect that she did not owe the subject Nationstar debt which was discharged through her bankruptcy.

109.    Plaintiff provided Equifax with all relevant information in her request for investigation and reinvestigation to reflect that the subject Wells Fargo debt was discharged through her bankruptcy.

110.    Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Nationstar loan as seriously delinquent with a high amount past due, a high balance owed, and a scheduled payment amount, when in fact Plaintiff had received a bankruptcy discharge, owed no past due amounts, no balances, and no scheduled payment amount on the subject loan.

111.    Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Wells Fargo debt with a charged-off amount, when in fact the subject debt was paid pursuant to the terms of the Chapter 13 plan and discharged through Plaintiff's bankruptcy.

112.    Moreover, Equifax prepared an incomplete consumer report regarding Plaintiff by failing to completely and accurately notate that the subject debts were disputed in violation of 15 U.S.C. §1681c(f).

113.    A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff's liability on the Nationstar debt was discharged in bankruptcy, and that Plaintiff no longer owed a balance, no longer had an amount past due, and did not have a scheduled payment amount

114.    A simple review of the information submitted by Plaintiff would have confirmed that the Wells Fargo debt was paid pursuant to the Chapter 13 plan and discharged through Plaintiff's bankruptcy.

115.    Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

116.    Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit file.

117.    Had Equifax taken *any* steps to investigate Plaintiff's valid dispute, it would have determined that Plaintiff's liability on the Nationstar debt was discharged through Plaintiff's bankruptcy and that the Wells Fargo debt was paid pursuant to the Chapter 13 plan and discharged through Plaintiff's bankruptcy on July 27, 2017.[5]

118.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Nationstar and to Wells Fargo. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Nationstar and to Wells Fargo regarding Plaintiff's dispute that Equifax received from Plaintiff.

119.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Nationstar with regard to the subject debt.

120.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Wells Fargo with regard to the subject debt.

---

[5] Equifax's own "Public Record Information" was reporting Plaintiff's bankruptcy case.

121.     Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

122.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Nationstar that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

123.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

124.     Moreover, after Plaintiff's written detailed dispute, Equifax had specific information related to Plaintiff's bankruptcy case, confirmed Chapter 13 plan, and subsequent discharge order all of which included the Nationstar loan and Wells Fargo loan.

125.     Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the Nationstar and Wells Fargo accounts.

126.     Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

127.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

128.     By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

129.    It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

130.    Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

131.    Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent, in default, and owing a high past due balance on the Nationstar loan after Plaintiff was discharged in bankruptcy.

132.    Equifax acted reprehensively and carelessly by reporting and re-reporting the Wells Fargo account as open and charged off after the account was paid pursuant to the Chapter 13 plan and discharged in Plaintiff's bankruptcy.

133.    Equifax's pattern of refusal to correct patently false information, as mandated by the FCRA, reveals a conscious disregard of the rights of Plaintiff.

134.    Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its responsibility to report accurate data on consumers.

135.    As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, DEANNA S. EINBINDER, respectfully prays this Honorable Court for the following relief:

a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.    An order directing Equifax to immediately delete the inaccurate information from Plaintiff's credit reports and credit file;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury.**

Dated: July 23, 2018                    Respectfully Submitted,

                                        */s/ Majdi Y. Hijazin*
                                        Majdi Y. Hijazin, *Of Counsel*
                                        Counsel for Plaintiff
                                        Sulaiman Law Group, Ltd.
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, IL 60148
                                        Phone: (630) 575-8181
                                        Fax: (630) 575-8188
                                        mhijazin@hijazinlaw.com